UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In the Matter Of the Arbitration Between:<br><br>AMERICAN ZURICH INSURANCE COMPANY,<br><br>Petitioner,<br><br>and<br><br>SUN HOLDINGS, INC.,<br><br>Respondent. | Case No. 1:22-cv-2744<br><br>Honorable Ronald A. Guzman |

**PETITIONER'S MEMORANDUM IN SUPPORT OF
MOTION TO CONFIRM ARBITRATION AWARD**

Petitioner American Zurich Insurance Company ("Zurich") submits this Memorandum in Support of its Motion to Confirm Arbitration Award. Zurich seeks entry of judgment in its favor in accordance with the terms of the arbitration award under Section 9 of the Federal Arbitration Act ("FAA").

## BACKGROUND

Zurich provided insurance to Sun Holdings. Zurich and Sun Holdings entered into a series of written agreements in connection with the insurance policy (the "Program Agreements"). Petition[1] at ¶ 5; Petition Ex. 1, ECF No. 1-1. Zurich is a citizen of Illinois. Petition at ¶ 1. Sun Holdings is a citizen of Texas. Petition at ¶ 2.

---

[1] "Petition" refers to the Petition to Confirm Arbitration Award (ECF No. 1) filed by Zurich in this action on May 24, 2022.

**The Arbitration Agreement**

Among other terms, the Program Agreements require the parties to submit to arbitration differences that might arise with respect to the Program Agreements, and include the following agreement and relevant procedures:

> Any dispute arising out of the interpretation, performance or alleged breach of this Agreement, shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules and the following procedures:
>
> 1. Written notice requesting arbitration will be sent by the initiating party via certified or registered mail, return receipt requested, to the other party with the required copies to the AAA. The notice shall state the nature of the dispute, the amount involved, if any, and the remedy sought.
>
> 2. A panel shall be made up of three arbitrators. Each party shall select one arbitrator and the two selected arbitrators shall select an impartial third arbitrator with a commercial liability insurance background who shall preside at the hearing.
>
> ****
>
> 5. Arbitration shall take place in Schaumburg, Illinois.
>
> 6. The arbitrators shall not limit, expand or modify the terms of this Agreement nor award damages in excess of compensatory damages under this Agreement. Such excess damages would include without limitation any form of fine or multiple, punitive or exemplary damages and each party waives any claim to such excess damages. Confirmation of the award may be entered in any court having jurisdiction.

Petition Ex. 1 at 6.

**The Arbitration Proceedings**

In October 2021, pursuant to the arbitration agreement, Zurich demanded arbitration of a dispute that arose between the parties. Petition at ¶ 7. Through the arbitration, Zurich seeks to recover amounts that Sun Holdings owes Zurich under the Program Agreements for its

insurance. *Id.* Zurich appointed Constance O'Mara as an arbitrator. *Id.* at ¶ 8. Sun Holdings appointed Robert Jenevein as an arbitrator. *Id*. Charles Ehrlich was then appointed as umpire in accordance with the terms of the arbitration agreement. *Id.*

### The Arbitration Award

In November 2021, Zurich requested that the arbitrators order Sun Holdings to post pre-hearing security for amounts that Zurich seeks to collect through the arbitration. *Id.* at ¶ 9. Sun Holdings opposed Zurich's request for pre-hearing security. *Id*. On May 17, 2022, the arbitrators, having conferred on the arguments and evidence presented, awarded Zurich pre-hearing security in the amount of $1,001,945.60 (the "Award"). Petition at ¶ 10; Petition Ex. 2. To date, Sun Holdings has not posted any security and therefore has not complied with the Award.

### ARGUMENT

This Court should enter an order and judgment confirming the Award because (1) this action is governed by the FAA, and (2) the requirements to confirm an arbitration award under Section 9 of the FAA are satisfied. Indeed, the Seventh Circuit has held that pre-hearing security awards, like the Award issued here, are final awards that may be confirmed under Section 9. *See, e.g.*, *Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Cont'l Cas. Co.*, 37 F.3d 345, 348-51 (7th Cir. 1994) (finding that a party had the right to confirm pre-hearing security award).

1.  **The FAA Governs This Action.**

"The FAA applies to all contracts involving interstate commerce." *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1303 (11th Cir. 2014); *see Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 n.5 (7th Cir. 2008) ("The FAA's applicability in this case depends upon whether the Compact 'affects interstate commerce.'" (citation omitted)). Courts broadly construe the

3

"interstate commerce" requirement to apply to any contract affecting interstate commerce. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995) ("the word 'involving' is broad and is indeed the functional equivalent of 'affecting'" interstate commerce).

There is interstate commerce here because, among other things, the parties are citizens of different states. *See* Petition at ¶¶ 1-2. *See Humana Inc. v. Forsyth*, 525 U.S. 299, 306 (1999) ("[A]n insurance company doing business across state lines engages in interstate commerce"). Thus, the FAA governs.

2. **The Arbitration Award Should Be Confirmed Under Section 9 Of The FAA.**

Section 9 of the FAA dictates that the Award be confirmed. Specifically, Section 9 provides, in relevant part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.

9 U.S.C. § 9. The requirements of Section 9 are satisfied here because the arbitration agreement provides that a court with jurisdiction may confirm an award made pursuant to the arbitration, and this Court has diversity jurisdiction over this matter. Petition at ¶ 11. The remaining requirements of Section 9 are likewise satisfied because (1) Zurich has formally served a copy of its Petition to Confirm Arbitration Award on Sun Holdings through the United States Marshals

4

Service (ECF Nos. 10-11), (2) Zurich has provided Sun Holdings' counsel with all filings in this matter, and (3) the Award at issue was made less than one year ago.

None of the grounds for refusal to confirm an award set forth in Sections 10 and 11 of the FAA apply. To the contrary, pre-hearing security awards are routinely affirmed by this Court and other federal courts. *See, e.g.*, *Yasuda*, 37 F.3d at 348-51 (confirming pre-hearing security award); *Am. Zurich Ins. Co. v. Caton Park Nursing Home*, No. 21-cv-4698, 2022 WL 1136579, at *5 (N.D. Ill. April 18, 2022) (confirming pre-hearing security award); *Zurich Am. Ins. Co. v. Trendsetter HR, LLC*, No. 15 C 8696, 2016 WL 4453694, at *3 (N.D. Ill. Aug. 24, 2016) (same); *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 261-63 (2d Cir. 2003) (upholding a pre-hearing security order); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023-26 (9th Cir. 1991) (confirming pre-hearing security award).

## CONCLUSION

For the foregoing reasons, Zurich respectfully requests that this Court enter an order confirming the Award entered in Zurich's favor, and granting judgment to Zurich in accordance with the terms of the Award.

Dated: June 14, 2022

Respectfully submitted,

AMERICAN ZURICH INSURANCE COMPANY

By: /s/ *Steven T. Whitmer*
One of Its Attorneys

Steven T. Whitmer
Isabella Seeberg
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 443-1869
Fax: (312) 896-6569
swhitmer@lockelord.com
isabella.seeberg@lockelord.com

## **CERTIFICATE OF SERVICE**

      I, Steven T. Whitmer, an attorney, hereby certify that on June 14, 2022, I electronically filed the foregoing using the electronic filing system which will send notification of such filing to the parties registered with the Court's e-filing system.

                                                    /s/ *Steven T. Whitmer*
                                                    Steven T. Whitmer