# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In the Matter Of the Arbitration Between:

AMERICAN ZURICH INSURANCE COMPANY,

    Petitioner,

and

SUN HOLDINGS, INC.,

    Respondent.

Case No. 1:22-cv-2744

Honorable Ronald A. Guzman

## ZURICH'S REPLY IN SUPPORT OF ITS MOTION TO CONFIRM ARBITRATION AWARD AND RESPONSE TO MOTION TO VACATE OR MODIFY AWARD

Petitioner American Zurich Insurance Company ("Zurich") submits this Reply in support of its Motion to Confirm Arbitration Award (the "Motion to Confirm," ECF No. 12) and in opposition to Sun Holdings' reciprocal Cross-Motion to Vacate or Modify the Award (the "Motion to Vacate," ECF No. 20).

## INTRODUCTION

Zurich seeks to confirm the May 17, 2022 pre-hearing security award the arbitrators entered in Zurich's favor (the "Award"). Sun Holdings opposes confirmation and seeks to vacate the Award on three grounds, none of which has merit.

First, Sun Holdings asserts that the Panel "exceeded its authority" in making the Award. Sun Holdings is wrong, however, because the Panel properly entered the Award consistent with the security provisions in the parties' agreements and the governing AAA Commercial Arbitration Rules.

Second, Sun Holdings contends that Zurich was required to prove the merits at this stage. Sun Holdings again misses the mark because, under established Seventh Circuit precedent, the merits of the parties' underlying dispute are not relevant at this stage. *See, e.g.*, *Yasuda Fire & Marine Ins. Co. of Europe, Ltd. v. Cont'l Cas. Co.*, 37 F.3d 345, 348-351 (7th Cir. 1994).

Third, Sun Holdings argues that the Award is not a "final" award capable of confirmation. The Seventh Circuit and other courts have firmly rejected this position, however, and repeatedly confirmed pre-hearing security awards like the Award here. *See, e.g., id.*

For all of these reasons, and as discussed further below, the Court should grant Zurich's Motion to Confirm and deny Sun Holdings' Motion to Vacate.

## **LEGAL STANDARD**

Judicial review of an arbitration award is "extremely limited." *Am. Postal Workers Union, AFL-CIO, Milwaukee Local v. Runyon*, 185 F.3d 832, 835 (7th Cir. 1999). Under Section 9 of the Federal Arbitration Act ("FAA"), a court "must grant" a motion to confirm an arbitration award, "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. A court "can set aside an arbitration award only on the grounds set forth in section 10 of the Federal Arbitration Act." *Shearson Hayden Stone, Inc. v. Liang*, 653 F.2d 310, 312 (7th Cir. 1981).

While there are four grounds in Section 10, Sun Holdings proceeds under only one of them: "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a). A party seeking relief under this Section "bears a heavy burden," and "[i]t is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (citations omitted). Instead, the court's review "is

2

limited to determining whether the arbitrator abided by the contractual limits placed on him to decide the dispute." *Am. Postal Workers Union*, 185 F.3d at 835.

In this respect, the court must determine whether the award "draws its essence from the contract." *Id.* (citation omitted). The court must find that the arbitrator "based his award on some body of thought, or feeling, or policy, or law that is outside the contract" to conclude that the arbitrator exceeded his authority. *Id.* (citation omitted). Moreover, the reviewing court must "resolve any reasonable doubt about whether an award draws its essence from the . . . agreement in favor of enforcing the award." *Id.* Courts generally presume that the panel's authority is broad and interpret the scope of its authority "expansively." *Id.* at 836 (citation omitted).

## ARGUMENT

Under the above standards, the Award at issue here must be confirmed because (1) the Panel unquestionably had authority to enter the Award, (2) the merits of the parties' underlying disputes are not relevant at this stage, and (3) the Award is confirmable pursuant to the Federal Arbitration Act.

**I.     The Panel Had Authority To Enter The Award.**

According to Sun Holdings, the Panel exceeded its authority to award pre-hearing security because the parties' arbitration agreement "expressly limits the available relief to compensatory (money) damages." ECF No. 20 at 3. Sun Holdings is wrong because, for three independent reasons, the Panel had clear and express authority to award pre-hearing security.

<u>First</u>, this authority is provided by the parties' Program Agreements, which give Zurich the right to demand from Sun Holdings collateral in the form of a Letter of Credit ("LOC") sufficient to secure Sun Holdings' obligations to Zurich. ECF No. 1-1 at 4. According to the

Seventh Circuit, when an LOC is available under the parties' agreements, like here, so is pre-hearing security:

> *Yasuda and CNA agreed to an arbitration clause that does not explicitly authorize the arbitrator to order either party to post a letter of credit as security against a possible final award.* However, the arbitration clause does not mention any other type of award, such as damages or specific performance either. The agreement merely says that "any dispute arising out of this agreement shall be submitted to the decision of a board of arbitration" . . . . [T]he parties separately provide that Yasuda will provide CNA a letter of credit upon CNA's request. *This clause demonstrates that the parties agreed upon the usefulness of letters of credit as the means of securing their respective rights and obligations and as a means of facilitating the transaction generally.*
>
> \* \* \*
>
> *While no provision of the agreement explicitly provides that the arbitrator may require Yasuda to post a letter of credit as interim relief pending final arbitration, no article of the agreement precludes that sort of remedy . . . .*
>
> \* \* \*
>
> If an enumeration of remedies were necessary, in many cases "the arbitrator would be powerless to impose *any* remedy, and that would not be correct. Since the arbitrator 'derives all his powers from the agreement, *the agreement must implicitly grant him remedial powers when there is no explicit grant.*'"

*Yasuda Fire & Marine Ins. Co. of Europe, Ltd.*, 37 F.3d at 350-351 (citations omitted, emphasis added). The Southern District of New York and the Second Circuit have similarly confirmed a panel's authority to require pre-hearing security in cases like this one. *See On Time Staffing, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 784 F. Supp. 2d 450, 455 (S.D.N.Y. 2011); *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 262-263 (2d Cir. 2003).

Sun Holdings attempts to distinguish *Yasuda* on the basis that the contract at issue in that case did not, like the Program Agreements, "expressly limit[] the available relief to compensatory (money) damages." ECF No. 20 at 3. As explained below, however, a pre-

hearing security award does not even consider the merits (or lack thereof) of the parties' disputes—much less award "money damages." Instead, pre-hearing security merely provides a "temporary equitable order[] calculated to preserve assets" in order to "make a potential final award more meaningful." *Yasuda*, 37 F.3d at 348 (citation omitted); *see also Banco de Seguros del Estado*, 344 F.3d at 262 (arbitrators have inherent authority to enter "an arbitral security award that ensures a meaningful final award"). As correctly explained by the arbitrators in another matter:

> The Panel is satisfied that, as a matter of law, it has the authority to enter a partial final award for security in an appropriate case. *Yasuda Fire & Marine Ins. Co. of Europe v. Continental Casualty Co.*, 37 f.3d 345 348-51 (7th Cir. 1994). *We reject SCI's contention that the Panel lacks authority under the arbitration agreements because those agreements provide that the arbitrators cannot "award damages in excess of compensatory damages." That provision addresses damages that may be awarded; it plainly does not address the question of pre-hearing security for such damages.*

*Zurich Am. Ins. Co. v. Staffing Concepts International, Inc.,* AAA Case No. 51 195 514 13 (emphasis added) (attached as Exhibit 1).

Second, the Panel's authority to require pre-hearing security is also independently established by the American Arbitration Association's Commercial Arbitration Rules, which the parties agreed to apply here. *See* ECF No. 1-1 at 6. Those rules provide that "[t]he arbitrator may take whatever interim measures he or she deems necessary." Commercial Arbitration Rules, R-37(a). In *Trendsetter*, for example, this Court confirmed a $4,597,779 pre-hearing security award based on Zurich program agreements substantially the same to those at issue here. *See Zurich Am. Ins. Co. v. Trendsetter HR, LLC*, No. 15 C 8696, 2016 WL 4453694, at *3-4 (N.D. Ill. Aug. 24, 2016). As this Court explained, the panel's ruling was well-supported by, among other things, Rule R-37 of the AAA Commercial Arbitration Rules:

5

> Here, the Program Agreements specify that arbitration will be conducted under the AAA's Commercial Arbitration Rules. Under Rule R-37 of the Commercial Rules, "[t]he arbitrator may take whatever interim measures he or she deems necessary" including in "the form of an interim award." AAA Comm. Arb. R. R-37 (a)-(b). Moreover, arbitrators are authorized to "require security for the costs of such measures." *Id.* R-37(b). This rule has been held to authorize the award of a prehearing security, *see, e.g.*, *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.*, 935 F.2d 1019, 1023 n.1, 1025 (9th Cir. 1991), because such interim awards are important to preserving a party's stake in arbitration and "protect[ing] the bargain giving rise to the dispute." *Yasuda*, 37 F.3d at 351. Thus, by adopting the AAA's commercial rules in the Program Agreements, the parties implicitly included the arbitrators' authority to grant an interim award – like the prehearing security at issue.

*Id.* at *3.

*Trendsetter* is consistent with court rulings from around the country upholding pre-hearing security awards based on the AAA Rules. *See, e.g.*, *PB Life & Annuity Co. Ltd. v. Universal Life Ins. Co.*, No. 20-cv-2284, 2020 WL 4369443, at *9 (S.D.N.Y. July 30, 2020) ("The Commercial Arbitration Rules empower an arbitrator to 'take whatever interim measures he or she deems necessary…,' AAA R-37(a)…. [T]he parties contracted for the arbitral panel to decide the dispute between them and the panel plainly had that power."); *Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp.,* 935 F.2d 1019, 1023, n.1 (9th Cir. 1991) (upholding arbitrator order requiring party to post pre-hearing security into an escrow account and noting that "Rule 34[1] of the American Arbitration Association Commercial Arbitration Rules contemplates interim equitable relief"); *Green v. Short*, No. 06 CVS 22085, 2007 WL 2570821, at *8 (N.C. Super. Ct. Mar. 9, 2007) ("By specifically adopting the AAA commercial rules as the

---

[1] The AAA Commercial Arbitration Rules were amended on October 1, 2013. Through that amendment, former Rule R-34 was renumbered to current Rule R-37, and both contain similar language. Therefore, references to Rule R-34 in the cited cases apply to current Rule R-37.

6

default mechanism for arbitration, the parties here bargained to have an arbitrator determine the merits of any request for equitable relief, including requests for injunctions and the appointment of a receiver.").

Third, the Panel also has implicit equitable powers to award interim relief that "make[s] a potential final award more meaningful." *Yasuda*, 37 F.3d at 348 (citation omitted); *see also Banco de Seguros del Estado*, 344 F.3d at 262 (arbitrators have inherent authority to enter "an arbitral security award that ensures a meaningful final award"); *On Time Staffing, LLC,* 784 F. Supp. 2d at 455 ("Prior to the rendering of its final decision, the Panel, in the absence of language in the arbitration agreement expressly to the contrary, possesses the inherent authority to preserve the integrity of the arbitration process to which the parties have agreed by, if warranted, requiring the posting of pre-hearing security."); *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 937 (N.D. Cal. 2003) (explaining that arbitrators' authority to require a party to post security for an ultimate award derives from the arbitration agreement or from implicit panel power "to ensure the parties receive the benefit of their bargain").

For all of these reasons, the Panel unquestionably had authority to enter the security award.

## II. The Merits Of The Arbitration Are Not Relevant At This Time.

According to Sun Holdings, the Panel "has not conducted a full hearing to determine liability" and thus "prematurely award[ed] damages to Zurich." ECF No. 20 at 4. Sun Holdings' argument misses the mark, however, as the merits are irrelevant at this time.

In *Yasuda*, for example, the panel prohibited the respondent from "getting into the merits of the case." *Yasuda*, 37 F.3d at 352. Rather, the panel decided the motion for pre-hearing

7

security on written submissions and limited argument. *Id.* The Seventh Circuit explained that, "[i]f the arbitrators had to conduct a lengthy hearing on the proper amount of the letter of credit, the letter might lose its desired impact, as [Respondent] might exhaust its assets in the meantime." *Id.* at 352, n.9. As in *Yasuda*, now is not the time for a hearing on the merits.

This Court recently reached a similar conclusion in *Am. Zurich Ins. Co. v. Caton Park Nursing Home,* No. 21-cv-4698, 2022 WL 1136579 (N.D. Ill. Apr. 18, 2022). In that case, which involved program agreements substantially similar to those at issue here, the respondent argued that pre-hearing security was unwarranted because Zurich had "failed to meet its burden of proving the necessity of such relief," and because Respondent purportedly believed it had valid defenses. *Id.* at *3. The Court rejected both arguments, finding that the merits of the underlying disputes are not relevant at this stage of the proceeding:

> This Court is also unpersuaded by Respondents' argument that the arbitrators exceeded their authority by granting interim relief because Petitioner failed to meet its burden of proving the necessity of such relief. This argument challenges the correctness of the arbitrators' fact findings and legal conclusions based on the record before them. Yet errors in the arbitrator's interpretation of law or findings of fact do not merit reversal. The only question before this Court is whether the arbitrators exceeded their authority in granting pre-hearing security. They did not. As stated, the Agreement (through incorporation of AAA Rules) authorized the arbitrators to impose pre-hearing security. The interim order granting pre-hearing security shows that both Petitioner and Respondents had opportunities to brief and argue their positions; the arbitrators reviewed both sides' briefs, case authorities, and exhibits, and deliberated before fashioning the pre-hearing security award. The fact that the arbitrators considered arguments from both sides before determining the appropriate amount of the prehearing security" also undermines the notion that they exceeded their powers. . . .
>
> *Although Respondents may ultimately be correct in proving to the arbitration panel that they owe no money to Petitioner under the Agreement, the interim relief is just that—interim. It serves to preserve Petitioner's "stake in the controversy" pending a full*

8

> *hearing on the merits.* Arbitrators do not exceed their authority by granting pre-hearing security even where the propriety of such interim relief is tied to the ultimate merits of the arbitration.

*Id.* at *3-4 (emphasis added, citations omitted). *See also Trendsetter*, 2016 WL 4453694 at *3 (confirming pre-hearing security award and finding that "arbitrators were not required to consider this type of merits questions when determining whether to issue the interim award").

Similarly, in *Underwriters*, the plaintiff sought to vacate a pre-hearing security award by arguing that the arbitrators had improperly pre-judged the case on the merits. *Certain Underwriters at Lloyd's London*, 264 F. Supp. 2d at 939. The court disagreed, finding that "[t]he relief that was ordered by the panel was interim, and did not purport to make a final ruling on the substantive issue." *Id*. *See also INSCO Ltd. v. Meadows Indem. Co., Ltd*., No. 90 2935, 1993 WL 328376, at *4 (C.D. Cal. June 1, 1993) (The "Ninth Circuit did not question the panel's ability to issue the interim final order prior to a full hearing on the merits.").

In short, for the reasons set forth in *Yasuda* and the other cases cited above, neither the arbitrators nor this Court can or should attempt to resolve the merits of the parties' disputes at this time.

## III. The Award Is Confirmable Pursuant To The Federal Arbitration Act.

Finally, under Section 9 of the Federal Arbitration Act ("FAA") a court "must grant" a motion to confirm an arbitration "award," "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. In opposing Zurich's Motion, Sun Holdings argues the Award should be vacated because it "is not a final one." ECF No. 20 at 5-6. Sun Holdings' position is at odds with well-established law, which provides that "pre-hearing

security, like the one awarded to Zurich by the arbitration panel, is an 'award' for purposes of the FAA." *Trendsetter HR, LLC*, 2016 WL 4453694, at *2.

For example, in *Yasuda*, the Seventh Circuit analyzed the exact issue raised in Sun Holdings' response: "whether an interim order of security…constitutes an 'award' subject to 9 U.S.C. § 10."[2] 37 F.3d at 347. The court held that "the interim letter of credit constitutes an 'award'" because "[t]he interim relief represents a 'temporary equitable order[ ] calculated to preserve assets . . . needed to make a potential final award more meaningful." *Id*. at 348 (quoting *Pac. Reins. Mgmt. Corp.*, 935 F.2d at 1023).

Like the Seventh Circuit, numerous courts have confirmed pre-hearing security awards to Zurich in cases involving the same program agreements at issue here. *See Am. Zurich Ins. Co. v. Caton Park Nursing Home,* No. 21-cv-4698, 2022 WL 1136579, at *5 (N.D. Ill. Apr. 18, 2022) (confirming pre-hearing security award); *In re Zurich Am. Ins. Co. v. General Security Services Corp.*, No. 05-cv-0415 (N.D. Ill. Oct. 4, 2005) (Ex. 2); *Koosharem Corp. v. Zurich American Ins. Co.*, No. 09-cv-07210 (C.D. Cal. Nov. 25, 2009) (Ex. 3).

Additionally, in cases not involving Zurich, courts have recognized that pre-hearing security awards are final awards capable of confirmation under the FAA. *See, e.g., Yasuda*, 37 F.3d at 352 (holding that an "interim order of security . . . constitutes an 'award'" under the FAA); *Banco de Seguros del Estado*, 344 F.3d at 262 (upholding pre-hearing security based on letter of credit provision in the insuring agreement); *Pac. Reinsurance Mgmt. Corp.*, 935 F.2d at 1023-1026 (confirming pre-hearing security award); *Petersen-Dean, Inc. v. Nat'l Union Fire Ins.*

---

[2] Confirmation of a security award is made pursuant to Section 9, whereas Sections 10-11 deal with vacating, modifying and correcting an arbitration award. However, because they internally reference each other and all address how courts deal with arbitration awards, courts apply the same "award" test to all three sections. *See Yasuda*, 37 F.3d at 348, n.4; 9 U.S.C. §§ 9-11.

*Co. of Pittsburgh, PA*, No. 19 Civ. 11299, 2020 WL 635665, at *4 (S.D.N.Y. Feb. 11, 2020) (confirming pre-hearing security award where parties' agreement provided for collateral to secure performance).

In sum, it is well-established that the term "award" in the FAA is not limited to "final awards," and that pre-hearing security awards like the one at issue here are routinely confirmed by courts. Therefore, this Court should confirm the Panel's Award and enter judgment in Zurich's favor and against Sun Holdings.

## **CONCLUSION**

For all of these reasons, Zurich respectfully requests that this Court enter an Order confirming the Panel's Award, enter judgment in favor of Zurich in accordance with the terms of the Award, and deny Sun Holdings' cross-motion to vacate the Award.

Dated: August 5, 2022

Respectfully submitted,

AMERICAN ZURICH INSURANCE COMPANY

By: /s/ *Steven T. Whitmer*
One of Its Attorneys

Steven T. Whitmer
Isabella Seeberg
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 443-1869
Fax: (312) 896-6569
*swhitmer@lockelord.com*
*isabella.seeberg@lockelord.com*

## CERTIFICATE OF SERVICE

       I, Steven T. Whitmer, an attorney, hereby certify that on August 5, 2022, I electronically filed the foregoing using the electronic filing system which will send notification of such filing to the parties registered with the Court's e-filing system.

                                                    /s/ *Steven T. Whitmer*
                                                    Steven T. Whitmer