IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 22 C 2744 |
| v. | ) ) | Judge Ronald A. Guzmán |
| SUN HOLDINGS, INC., | ) ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Before the Court are plaintiff's petition and motion to confirm, and defendant's motion to vacate, an arbitration award. For the reasons explained below, the Court grants plaintiff's petition and motion, denies defendant's motion, and confirms the arbitration award.

### BACKGROUND

Plaintiff, American Zurich Insurance Company ("Zurich"), moves under the Federal Arbitration Act, 9 U.S.C. § 9 ("FAA"), for confirmation of the "Panel Order No. 4 [Nunc Pro Tunc]" (the "Award") rendered by an arbitration panel in a contract dispute between Zurich and defendant Sun Holdings, Inc. ("Sun").

Zurich provided insurance to Sun. In connection with the insurance policies, the parties entered into a Paid Deductible Agreement (the "Agreement") on May 1, 2019. (ECF No. 1-1, Agreement.) The Agreement provides for a "Deductible Program," which has two components: insurance coverage under the policies and a risk-financing arrangement. (*Id.* at 1.) It further states that Zurich handles and pays claims that are presented in accordance with policy provisions and bills Sun for claim payments, and Sun agrees to remit to Zurich all amounts when due. (*Id.*) The Agreement contains an arbitration provision stating that "[a]ny dispute arising out of the interpretation, performance or alleged breach of this Agreement, shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules" and certain specified additional arbitration procedures. (*Id.* at 6.)

A dispute arose between the parties, and in October 2021, Zurich filed an arbitration demand with the AAA. In its demand, Zurich seeks to recover "$1,001,945.60 in principal, plus accrued interest, for outstanding amounts Sun [] owes Zurich for its obligations under [the] deductible insurance program." (ECF No. 20-1, Arbitration Demand, at 1.) The arbitration panel (the "Panel"), consisting of two arbitrators and an umpire, was then chosen. In November 2021, Zurich asked the Panel to order Sun to post pre-hearing security for the amount of principal Zurich

seeks to recover in the arbitration. Sun opposed Zurich's request. The Panel subsequently issued orders and received submissions from the parties on the matter. On May 17, 2022, the Panel awarded Zurich pre-hearing security in the amount of $1,001,945.60 and directed Sun to post that security by May 20, 2022. (ECF No. 5-2, Panel Order No. 4 [Nunc Pro Tunc], at 2.)[1]

Sun did not post any security. On May 24, 2022, Zurich filed a petition in this court to confirm the award of pre-hearing security.[2] On June 14, 2022, Zurich filed a motion seeking the same relief. Sun opposes the motion and cross-moves to vacate the award.

## DISCUSSION

The FAA governs the enforcement of arbitration agreements. *Int'l Ins. Co. v. Caja Nacional de Ahorro y Seguro*, 293 F.3d 392, 395 (7th Cir. 2002). An arbitral award must be confirmed unless it is vacated, modified, or corrected, 9 U.S.C. § 9, and may be vacated in only four circumstances, set out in 9 U.S.C. § 10(a)(1)-(4). "Judicial review of arbitration awards is tightly limited. Confirmation is usually routine or summary, and a court will set aside an arbitration award only in very unusual circumstances." *Bartlit Beck LLP v. Okada*, 25 F.4th 519, 522 (7th Cir. 2022). Sun seeks vacatur of the interim security award under 9 U.S.C. § 10(a)(4), which applies "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." A party seeking relief under this provision "bears a heavy burden." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (an arbitral decision even arguably construing or applying the contract must stand; it is not enough to show error, even serious error, and a court may overturn the decision only if the arbitrator acted outside the scope of his contractually delegated authority); *see also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008) ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award."); *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) ("It is tempting to think that courts are engaged in judicial review of arbitration awards under the [FAA], but they are not. . . . [I]n the typical arbitration . . . , the issue for the court is not whether the contract interpretation is incorrect or even wacky but whether the arbitrators had failed to interpret the contract at all . . . .") (citations omitted).

Sun first contends that because the parties' Agreement "expressly limits the available relief that the arbitration panel can award to compensatory damages only," the Panel exceeded its authority in awarding pre-hearing security. (ECF No. 20, Def.'s Combined Opp'n & Mot. at 4.) In Sun's view, the award amounts to premature equitable relief—in effect "the ultimate relief of specific performance," in light of the fact that the Agreement contains a provision requiring Sun to tender a letter of credit as collateral. (*Id.*) Sun, however, mischaracterizes the language of the

---

[1] The Panel's bracketed "nunc pro tunc" designation in the title of its Order appears to relate to the amendment of its original order to correct a typographical error on the second page; the original version of the order referred to the year "3022" instead of "2022." *Compare* Panel Order No. 4 [Nunc Pro Tunc], *with* ECF No. 1-2, Panel Order No. 4.

[2] Zurich invokes the Court's diversity jurisdiction. Zurich is a citizen of Illinois, and Sun is a citizen of Texas.

Agreement. The pertinent text of the Agreement states that the arbitrators "shall not . . . award damages in excess of compensatory damages," and continues: "Such excess damages would include without limitation any form of fine or multiple, punitive or exemplary damages." (Agreement at 6.) While the Agreement expressly limits recoverable *damages* to those that are compensatory, it does not limit the available *relief* to compensatory damages. The Agreement is silent as to equitable relief and certainly does not prohibit it. Furthermore, Sun fails to account for the Agreement's express incorporation of the AAA's Commercial Arbitration Rules, which permit arbitrators to award interim relief. *See* Am. Arb. Ass'n, Com. Arb. Rules & Mediation Procs., R-37, Interim Measures, https://adr.org/sites/default/files/Commercial%20Rules.pdf. By adopting the AAA's Rules in their Agreement, the parties "implicitly included the arbitrators' authority to grant an interim award—like the prehearing security at issue." *Am. Zurich Ins. Co. v. Caton Park Nursing Home*, No. 21 C 4698, 2022 WL 1136579, at *3 (N.D. Ill. Apr. 18, 2022) (internal punctuation omitted) (quoting *Zurich Am. Ins. Co. v. Trendsetter HR, LLC*, No. 15 C 8696, 2016 WL 4453694, at *3 (N.D. Ill. Aug. 24, 2016)). Sun also fails to cite authority for the proposition that pre-hearing security is equivalent to "specific performance" whenever a contract provides for the posting of collateral. In contrast to the permanent remedy of specific performance, pre-hearing security "is a temporary equitable order calculated to preserve assets," *Caton Park*, 2022 WL 1136579, at *3. Interim awards like pre-hearing security preserve a party's stake in arbitration and protect the bargain that gave rise to the dispute. *Trendsetter*, 2016 WL 4453694, at *3.

Next, Sun asserts that the arbitrators exceeded their authority by granting interim relief without holding an evidentiary hearing and therefore failing to require Zurich to meet its burden to demonstrate that interim relief was necessary to preserve the integrity of the arbitration. This argument misses the mark. Sun cites no authority for its position that the Panel was required to hold an evidentiary hearing. Under Seventh Circuit law, an arbitrator is not required to conduct any formal evidentiary hearing before issuing a final award, as long as the proceeding is otherwise fundamentally fair. *Wise v. Wachovia Sec. LLC*, No. 04 C 7438, 2005 WL 1563113, at *2 (N.D. Ill. May 4, 2005) (citing *Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997)). Sun does not assert that the proceeding before the Panel was fundamentally unfair. Indeed, the Panel's order demonstrates that Sun had the opportunity to present to the Panel its position on Zurich's request for pre-hearing security and that the Panel considered Sun's submissions.

Noting that an arbitration hearing on the merits of Zurich's claims is set for October 2022, Sun also maintains that the award of interim security must be vacated because it was not "final" within the meaning of the FAA. But the Seventh Circuit has squarely held that despite its interim nature, an award of pre-hearing security is considered final and "subject to both confirmation and vacation under the FAA." *Yasuda Fire & Marine Ins. Co. of Eur., Ltd. v. Cont'l Cas. Co.*, 37 F.3d 345, 349 (7th Cir. 1994); *Publicis Commc'n v. True N. Commc'ns Inc.*, 206 F.3d 725, 729 (7th Cir. 2000) (explaining that the interim order of security in *Yasuda* was final and thus could be immediately challenged because it was "necessary to prevent the final award from becoming meaningless"). The Court is unpersuaded by Sun's attempt to distinguish these decisions on the ground that the interim award here is "more akin to specific performance of the agreement at issue as opposed to an actual interim award." (Def.'s Combined Opp'n & Mot. at 6.) Sun fails to explain why this is a meaningful distinction for purposes of determining finality under the FAA. The similarity of the Panel's interim award to the collateral that the Agreement may require does not render the reasoning of *Yasuda* and *Publicis* any less applicable. As the court put it in *Caton Park*,

3

"[a]lthough [defendants] may ultimately be correct in proving to the arbitration panel that they owe no money to [plaintiff] under the Agreement, the interim relief is just that—interim.  It serves to preserve [plaintiff's] stake in the controversy pending a full hearing on the merits." 2022 WL 1136579, at *4 (citation and internal punctuation omitted).

Sun has failed to show that vacatur of the Panel's interim security award is appropriate.  Therefore, the Court confirms the award.

## CONCLUSION

Plaintiff American Zurich Insurance Company's petition and motion [12] to confirm the arbitration award of pre-hearing security is granted.  Defendant Sun Holdings, Inc.'s motion to vacate the arbitration award [20] is denied.  Civil case terminated.

**DATE:** August 8, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**